The STATE of Ohio, Appellee,

v.

RINE, Appellant.

[Cite as *State v. Rine* (1991), 68 Ohio App.3d 460.]

Court of Appeals of Ohio,
Licking County.

No. CA–3667.

Decided Nov. 29, 1991.

*Ray Luther*, Assistant Prosecuting Attorney, for appellee.

*J. Gerard Swank*, for appellant.

SMART, Judge.

This is an appeal from the judgment of the Court of Common Pleas of Licking County, Ohio, that denied the request of the defendant-appellant, Pernell N. Rine ("appellant"), for a hearing on his continued involuntary commitment to Central Ohio Psychiatric Hospital. Appellant has been there since June 26, 1985, after the trial court found him mentally ill and subject to hospitalization. Appellant had been indicted on December 20, 1984, on a charge of receiving stolen property.

Since his commitment, appellant has sought review eight times, on August 29, 1985, March 4, 1986, July 14, 1986, November 21, 1986, April 14, 1988, November 29, 1988, February 16, 1989, and June 9, 1989. On March 28, 1991,

appellant requested yet another hearing on his commitment. The trial court scheduled the hearing, later cancelled that hearing, and this appeal ensued.

Appellant's sole assignment of error states:

"The trial court erred in denying the defendant his request for a hearing on continued commitment which hearing is required by Ohio Revised Code Section 5122.15(H) when requested by a person involuntarily committed or the person's counsel and the request is made more than 180 days after the person's last full hearing."

R.C. 5122.15(H) states in pertinent part:

"Upon request of a person involuntarily committed under this section, or the person's counsel, made more than one hundred eighty days after the person's last full hearing, mandatory or requested, the court shall hold a full hearing on the person's continued commitment. Upon the application of a person involuntarily committed under this section or section 2945.40 of the Revised Code, supported by an affidavit of a psychiatrist or licensed clinical psychologist, alleging that the person is no longer mentally ill subject to hospitalization by court order, the court for good cause shown may hold a full hearing on the person's continued commitment prior to the expiration of one hundred eighty days after the person's last full hearing. * * *"

The first sentence of the statute guarantees the right to a full hearing no more frequently than one hundred eighty days. The language is "shall." The balance of the paragraph identifies the process for more frequent hearings, investing in the trial court discretion to conduct a hearing, and requiring professional corroboration by the applicant.

Ohio law provides that due process requires, *inter alia,* both mandatory and optional hearings in order to ensure that a person involuntarily confined for psychiatric treatment receives frequent judicial review, *State v. Levine* (Oct. 25, 1984), Cuyahoga App. No. 47946, unreported.

The state urges that we interpret the code to require an affidavit be filed, setting forth good cause for a full hearing, regardless of whether the last hearing was more or less than one hundred eighty days earlier.

We cannot agree. The plain language of the statute mandates a full hearing if the request is made more than one hundred eighty days after the last hearing, or sooner, if good cause is shown. Certainly this provides potential for abuse. However, if this is an inappropriate or burdensome scheme, it is for the legislature, not the judiciary, to revise it.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law.

*Judgment reversed*
*and cause remanded.*

MILLIGAN, P.J., and GWIN, J., concur.